ACCEPTED
03-17-00735-CV
21672076
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/8/2018 1:27 PM
JEFFREY D. KYLE
CLERK

## NO. 03-17-00735-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2018 1:27:44 PM
JEFFREY D. KYLE
Clerk

## IN RE CATHERINE TOWER LLC

*Relator*

On Petition for Writ of Mandamus
from the 261st District Court of Travis County, Texas,
Cause No. D-1-GN-16-002929, The Hon. Amy Clark Meachum,
Judge Presiding

### REAL PARTY IN INTEREST TRAVIS CENTRAL
### APPRAISAL DISTRICT'S SUR-REPLY

**Tammy White-Chaffer**
**State Bar No. 24008273**
serv.tchaffer@olsonllp.com
**Eric Farrar**
**State Bar No. 24036549**
efarrar@olsonllp.com
**Jenny M. Rogers**
**State Bar No. 24060155**
jrogers@olsonllp.com

**OLSON & OLSON, L.L.P.**
**Wortham Tower, Suite 600**
**2727 Allen Parkway**
**Houston, Texas 77019**
**Telephone:(713) 533-3800**
**Facsimile:(713) 533-3888**

**ATTORNEYS FOR REAL**
**PARTY IN INTEREST**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................ii

INDEX OF AUTHORITIES ................................................................. iii

APPENDIX ......................................................................................iv

SUR-REPLY ..................................................................................... 1

PRAYER ......................................................................................... 4

CERTIFICATE OF COMPLIANCE ...................................................... 6

CERTIFICATE OF SERVICE ............................................................. 6

# INDEX OF AUTHORITIES

**CASES**

*In re ExxonMobil Corp.*, 97 S.W.3d 353 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) ........................................................... 4

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) ........................................ 4

**STATUTES, RULES AND OTHER AUTHORITIES**

Tex. R. Civ. P. 193.3 .............................................................. 1, 3

Tex. R. Civ. P. 193.4 .............................................................. 2, 3

# **APPENDIX**

APPENDIX                                                                TAB

    SECOND SUPPLEMENTAL RECORD .......................................................... K

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Pursuant to this Court's order granting leave to file a sur-reply, Real Party in Interest Travis Central Appraisal District submits the following:

## SUR-REPLY

1.    In its Reply, Relator for the first time asserts that "there is no evidence that TCAD ever actually served Prudential with a subpoena duces tecum." Relator's Reply at 12. However, the record reveals at the oral hearing on its Motion to Quash held on August 3, 2017, Relator's counsel acknowledged a subpoena had been issued.

> Ms. Michel: **They issued a subpoena to Prudential as well**. And I spoke with Prudential's counsel regarding these matters, and we had already filed the motion to quash and we were already in a position to defend it, and they felt that they would rest on our efforts. Tab 9 at 12, lines 6-11 (emphasis added).

A copy of the subpoena duces tecum, with a notarized officer's return, is attached hereto as a supplement to the Record at Tab 26.

2.    In its Reply, Relator incorrectly asserts that TCAD did not object in the trial court that its trade secret arguments and evidence were untimely. In violation of Texas Rules of Civil Procedure 193.3 and 193.4, by Relator's own admission, the first time Relator even

attempted to assert confidentiality[1] was in in its reply in support of its motion to quash filed August 2, 2017—one day prior to the oral hearing on said motion. Reply at 13. Relator did not attach to its reply an affidavit or any other evidence in support of its contention that the appraisal was confidential, nor did Relator assert that the appraisal was a trade secret.[2] At the oral hearing on its motion to quash, Relator presented testimony from Mr. Fredrick Butt regarding confidentiality. Tab 9 at 33-34. Prior to Mr. Butt's testimony, TCAD objected that the witness had not been previously disclosed and that his testimony constituted unfair surprise and prejudice. Tab 9 at 19, lines 6-7, 14-20. Regardless of whether Relator meant for Mr. Butt's testimony to address confidentiality or to address the trade secret privilege, TCAD objected at the time of the hearing that the testimony was unfair surprise.

3. In attempting to assert CBRE's trade secret privilege, Relator continued in its tactic of unfair surprise. In violation of Texas Rules of Civil Procedure 193.3 and 193.4, Relator again waited until

---

[1] "Confidentiality" is not a privilege. Relator did not reference a trade secret privilege in its August 2, 2017 reply. Tab 21 (attached to Relator's Reply).
[2] This first time Relator specifically identifies a trade secret privilege is in its Motion to Reconsider. Tab 17.

2

September 27, 2017—one day prior to the trial court's submission date on its motion to reconsider—to file its reply to TCAD's response. Attached to the reply, Relator for the first time presented the affidavit testimony of Mr. David Thibodeaux who testified regarding CBRE's alleged trade secret. Tab 14 at 16. The following day, the trial court issued its order. Tab 15. TCAD barely had 24-hours notice of the affidavit, so there was no time for TCAD to complain that the Thibodeaux affidavit was not timely.

4. Finally, there is no evidence in the record that Prudential intends to assert any privilege whether on its own or by way of Relator. As stated above, Relator's counsel at the oral hearing on Relator's motion to quash stated that Prudential had elected not to participate in the proceedings and would rely on Relator's efforts in arguing Relator's motion to quash. Tab 9 at 12, lines 6-11. There was nothing for TCAD to object to in this regard. The first time TCAD became aware that CBRE would attempt to assert a privilege was one day before the court's submission date on Relator's motion to reconsider. With less than 24-hours notice, TCAD did not have sufficient time to object or to respond to Relator's untimely assertion of CBRE's privilege. This Court

3

"must uphold the trial court's order on any ground supported by the mandamus record." *In re ExxonMobil Corp.*, 97 S.W.3d 353, 358 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). When factual matters are within the trial court's discretion, "the reviewing court may not substitute its judgment for that of the trial court." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). It was within the trial court's discretion to consider what, if any, weight to afford the affidavits Relator presented in support of its assertion of privilege.

## **PRAYER**

To determine whether the trial court clearly abused its discretion, this Court must examine the specific facts of this case in light of the actual law. Relator presents broad, nonspecific arguments of facts and law. Relator relies on a one-sided version of facts, without regard to the entire record. Relator provides overly broad, mistaken statements of cases to support its argument. The complete record and a correct reading of the court opinions cited show that the trial court did not commit a clear abuse of discretion. Therefore, Real Party in Interest, Travis Central Appraisal District, respectfully requests this Court deny

4

Relator's petition for writ of mandamus and prays for such other relief as it may show itself justly entitled.

Respectfully submitted,

**OLSON & OLSON, L.L.P.**

By: _/s/ Tammy White-Chaffer_
Tammy White-Chaffer
State Bar No. 24008273
serv.tchaffer@olsonllp.com
Eric C. Farrar
State Bar No. 24036549
EFarrar@olsonllp.com
Jenny M. Rogers
State Bar No. 24060155
jrogers@olsonllp.com
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
Telephone:(713) 533-3800
Facsimile: (713) 533-3888
ATTORNEYS FOR REAL
PARTY IN INTEREST

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Real Party in Interest's Sur-Reply has a word count of 865.

/s/ Tammy White-Chaffer
Tammy White-Chaffer

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2018, a true and correct copy of the foregoing Real Party in Interest's Sur-Reply was served on the following parties:

Lorri Michel                                   *Via electronic service*
MICHEL GRAY, LLP
812 W. 11th Street, Suite 301
Austin, Texas 78701
lorri@michelgray.com

Ryan D. Clinton                                *Via electronic service*
DAVIS, GERALD & CREMER
600 Congress Avenue, Suite 3100
Austin, Texas 78701-2984
rdclinton@dgclaw.com

/s/ Tammy White-Chaffer
Tammy White-Chaffer

6

# APPENDIX K

TAB 26

# P.C.A.

P.O. Box 460446, Houston, Texas 77056-8446
(713)621-0705

6/16/2017

The Prudential Insurance Co. of America
c/o Prudential Asset Resources
Attn: Custodian of Records/Subpoena Processing
2100 Ross Ave., Suite 2500
Dallas, Texas 75201
By and through its
Registered Agent
CT Corp.
1999 Bryan St., Suite 900
Dallas, TX 75201

Re:     Catherine Tower LLC vs. Travis Central Appraisal District;  See Attached Exhibit "A" & "B"

Greetings,

**YOU ARE HEREBY SERVED** with a State of Texas Subpoena.  All attorneys of record and the Court have been notified according to due process of law.

The attached subpoena is a summons for the release of specific records pertaining to the individual or entity named in the subpoena.   Please read it carefully, these records are being requested because they contain information that relates to the named judicial proceedings.   The subpoena also requires the custodian of records to answer the attached written questions and affidavit under oath.

If you are located in the general Houston area, please contact our office as soon as the records are ready.  We may also be contacting your office to make arrangements to send a courier to pick up these records.  If you are out of town, please call prior to mailing.  We may request that you overnight the records to us via our overnight account.

Please be sure to complete and sign the enclosed questions and affidavit and include them with the requested records.

We must have the completed deposition in our office no later than  July 15, 2017.

If the fee for these records is above $35.00, please call our office prior to copying for a fee approval. If you have any questions regarding this request or need further information, please do not hesitate to call us.  We appreciate your courteous and prompt attention to this very important matter.

Sincerely.

Cissy Smither

Enclosures:
Subpoena

Cause No. D-1-GN-16-002929

| | | |
|---|---|---|
| CATHERINE TOWER LLC | § | IN THE JUDICIAL COURT OF |
| | § | |
| VS. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TRAVIS CENTRAL APPRAISAL DISTRICT | § | 261TH JUDICIAL DISTRICT |

## NOTICE OF INTENTION TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To:  Plaintiff, Catherine Tower LLC, by and through it's attorney of record, Mr. Lorri Michel, Michel Gray, LLP, 812 W. 11th Street, Suite 301, Austin, Texas 78701.

You will please take notice that after twenty (20) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of the Custodian of Records for:

To:  The Prudential Insurance Company of America c/o Prudential Asset Resources, Inc.; by and through it's registered agent; CT Corp. , 1999 Bryant St., Suite 900, Dallas, Texas 75201.

**See Attached Exhibit A & B**

Before a Notary Public, an Officer of the State of Texas and an employee of PCA., 1770 Saint James Place, Suite 615, Houston, Texas 77056 (713) 621-0705 or their designated agent; which deposition with attached questions may be used in evidence upon the trial of the above styled and numbered cause pending in the above named court.

Notice is further given that request is here made as authorized under revised Rule 201, Texas Rules of Civil Procedure, to the officer authorized to take this deposition to issue a SUBPOENA DEUCES TECUM and cause it to be served on the witnesses to produce all items as listed above and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made by him and attached to the said deposition.

Respectfully submitted,

Tammy White-Chaffer
TBN: 24008273
Olson & Olson
Wortham Tower
2727 Allen Parkway, Suite 600
Houston, Texas, 77019
(713)533-3800
Attorney for Defendant
Travis Central Appraisal District

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing Notice of Intention to Take Deposition by Written Questions was delivered via mail to the respective parties or attorneys of record:

**Mr. Lorri Michel, Michel Gray, LLP, 812 W. 11th Street, Suite 301, Austin, Texas 78701.**

Date: 6-16-17     By: _____

Sworn to and subscribed before me on this the ___ day of _____, 20 17.

PATRICIA SMITHER
My Notary ID # 3660844
Expires June 4, 2021

Notary Public in and for The State of Texas
My Commission Expires 6-4-21

**STATE OF TEXAS**
**S U B P O E N A**
**DUCES TECUM**

THE STATE OF TEXAS:
To any duly authorized Office of the State of Texas--GREETING:

**YOU ARE HEREBY COMMANDED TO SUBPOENA AND SUMMON** the following witness:

**Custodian of Records:**
**The Prudential Insurance Co. of America**
**c/o Prudential Asset Resources**
**Attn: Subpoena Legal Processing**
**2100 Ross Ave.,Suite 2500**
**Dallas, Texas 75201**
**By and through it's**
**Registered agent – C.T. Corp**
**1999 Bryan St., Suite 900**
**Dallas, Texas 75201**

to be and appear and provide answers before a Notary Public or Certified Court Reporter in and for the State of Texas with P.C.A., 1770 St James Place, Suite 615, Houston, Texas 77056, or their designated agent on the forthwith day of instanter, then and there to give evidence the instance of the Defendant in that certain **Cause No. D-I-GN-16-002929** now pending in the 261st Judicial District Court of Travis County, Texas, in which:
**CATHERINE TOWER LLC**

**V.**

**TRAVIS CENTRAL APPRAISAL DISTRICT**

And bring and produce the following things to wit:
**See Attached Exhibit "A" & "B"**
 including but not limited to any type documents in the possession, custody , or control of said witness
then and there to remain from day to day and term to term until discharged according to the law.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement or both.

**WITNESS MY HAND** this the 17 day of June, 2017.
Issued at the Request of:
Tammy White-Chaffer
TBN:24008273
OLSON & OLSON
600 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019
(713)533-3800 – Telephone

Notary Public in and
for the State of TEXAS

PATRICIA SMITHER
My Notary ID # 3660844
Expires June 4, 2021

---

**OFFICER'S RETURN**

Came to hand this the 17 day of June 2017, at 2 P.M., and executed this the 20 day of June 2017, at 5.00 P.M. in the following manner: by delivering to C.T.Corp of Dallas, 1999 Bryan, #900, Dallas, TX 75201 via Fedex. the within named witness a true copy hereof.

Returned this the 25 day of June 2017.
Service----------------$



PATRICIA SMITHER
My Notary ID # 3660844
Expires June 4, 2021

# Exhibit A

## DEPOSITION ON WRITTEN QUESTIONS

Cause No. D - I - G N - 16-002929; *Catherine Tower LLC  v. Travis Central Appraisal District;* In the 2 6 1 s t  Civil District Court, Travis County, Texas

1. Any appraisals, valuations or estimates of value performed in connection with the loan by The Prudential Insurance Company of America to Catherine Tower, LLC, secured in part bu the property located at 214 Barton Springs Road, Austin, Texas, said property being further defined in that Deed of Trust, Assignment of Leases and Rents Security Agreement dated April 29, 2016, a copy of which is attached as Exhibit "B".

ELECTRONICALLY RECORDED 2016066492
TRV     23     PGS

CATHERINE TOWER, LLC, as grantor
(Borrower)

to

KELLEY H. BUTLER, as trustee
(Trustee)

for the benefit of

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, as beneficiary
(Lender)

---

**DEED OF TRUST AND
SECURITY AGREEMENT**

---

| | |
|---|---|
| Dated: | As of April 29, 2016 |
| Location: | 214 Barton Springs Road |
| | Austin, Texas |
| County: | Travis County |

**PREPARED BY AND UPON
RECORDATION RETURN TO:**

Locke Lord LLP
111 S. Wacker Drive
Chicago, Illinois 60606
Attention: Gina M. Gamal
Loan Number: 706109847 and 706110097

Prudential Loan No. 706109847 and 706110097
The Catherine
Deed of Trust and Security Agreement

EXHIBIT"B"

Cause No. D-1-GN-16-002929

CATHERINE TOWER LLC

vs.

TRAVIS CENTRAL APPRAISAL
DISTRICT

§
§
§
§

IN THE JUDICIAL COURT OF

TRAVIS COUNTY, TEXAS

261st JUDICIAL DISTRICT

## DEPOSITION UPON WRITTEN QUESTIONS PROPOUNDED TO
## THE CUSTODIAN OF RECORDS FOR:

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
## C/O PRUDENTIAL ASSET RESOURCES, INC.

**RECORDS PERTAINING TO: See Attached Exhibit "A" & "B"**

1. Please state your full name.

    Answer: _____

2. Please state by whom you are employed and the business address.

    Answer: _____

3. What is the title of your position or job?

    Answer: _____


4.. Please provide to the Officer taking this deposition photostatic copies of the complete records outlined in the subpoena duces tecum.  Have you complied? If not, why not?

    Answer: _____


_____
Witness, Custodian of Records

Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed and  has  personal knowledge to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this _____day of _____, A.D. 20_____.


_____
Notary Public
in and for the State of _____
My Commission Expires: _____

Cause No. D-1-GN-16-002929

| CATHERINE TOWER LLC | § | IN THE JUDICIAL COURT OF |
| | § | |
| vs. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TRAVIS CENTRAL | § | |
| APPRAISAL DISTRICT | § | 261st JUDICIAL DISTRICT |

## AFFIDAVIT

RECORDS PERTAINING TO:   SEE ATTACHED EXHIBIT "A" & "B"

Before me, the undersigned authority, personally appeared_____who, being by me duly sworn, deposed as follows:

"I, the undersigned, am over 18 years of age, of sound mind, capable of making this affidavit and personally acquainted with the facts herein stated:

I am the Custodian of Business Records for:  The Prudential Insurance Company of America c/o Prudential Asset Resources, Inc.

Attached hereto are _____ pages of records.  These said records are kept in the regular course of business, at the offices of The Prudential Insurance Company of America c/o Prudential Asset Resources, Inc. and it was in the regular course of business at the offices of The Prudential Insurance Company of America c/o Prudential Asset Resources, Inc. or an employee and/or representative with personal knowledge of the act, event or condition, opinion, or documents recorded to make the records or to transmit information thereof to be included in such records; and the records were made at or near the time of the act, event or condition or reasonably soon thereafter.

**The records attached hereto are the original or exact duplicates of the original file or files and nothing has been removed from the original file or files in my possession pertaining to the aforementioned party before making these copies.**

AFFIANT/CUSTODIAN OF RECORDS

Before me, a notary public, on this day personally appeared_____ , known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Given under my hand and seal of office this_____day of_____A.D., 20

Notary Public in and for
The State of Texas